```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

JHMELLA NORMAN,                )
                               )
    Plaintiff,                 )
                               )
v.                             )   No. 20-2338-TLP-tmp
                               )
OGLE SCHOOL HOLDINGS, LLC,     )
et al.,                        )
                               )
    Defendants.                )
_____

## REPORT AND RECOMMENDATION
_____

Before the court by order of reference is Jhmella Norman's first amended *pro se* complaint against Ogle School Holdings, LLC, Ogle School Management, LLC, and GCG Investors, III LP. (ECF No. 6.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   PROPOSED FINDINGS OF FACT

The following findings of fact are based on the well-pleaded allegations in the first amended complaint. (ECF No. 6.) Consistent with the *pro se* pleading standard and Federal Rule of Civil Procedure 12(b)(6), the court has construed the factual averments

in the complaint liberally and accepts all well-pleaded allegations as true.

There is a hair salon in Texas called Ogle School Hair Skin Nails Dallas ("Ogle School"). (ECF No. 6 at 3 ¶ 3.2.) On May 29, 2018, Norman had her hair styled at Ogle School. (Id.) During the styling, the inner cap of a hair dryer "slammed into [Norman's] head" with sufficient force that Norman collapsed to the floor. (Id.) Norman was taken to the hospital where she was diagnosed with a concussion. (Id.) Norman alleges that since this incident, she has suffered continuing health problems and has lost her job. (Id. at 3 ¶ 3.2-3.3.)

Norman brings negligence claims against various companies she alleges own Ogle School. Norman also alleges a violation of the general duty clause of the Occupational Safety and Health Act ("OSHA"). It is unclear if Norman seeks to allege a freestanding OSHA claim or if she includes it as an element of her state law negligence claims. Consistent with the *pro se* pleading standard, the undersigned will analyze it both ways. Norman does not specify what state she is a citizen of, although she alleges she is a resident of Texas.[1] (Id. at 2 ¶ 1.1.) Norman does not identify the state citizenship of the members of the defendant LLCs or the defendant limited partnership.

---

[1] Norman lists a Tennessee mailing address.

## II.     PROPOSED CONCLUSIONS OF LAW

**A.     Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth.  Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil

- 3 -

Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Subject-Matter Jurisdiction**

The Federal Rules of Civil Procedure establish certain requirements that anyone filing a complaint in federal court – *pro se* or otherwise – must follow. Among those rules is a requirement that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"  Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited jurisdiction; the plaintiff carries the burden of demonstrating that either the Constitution or a statute has granted the court jurisdiction over a given suit, and that it may therefore hear it." Jude v. Comm'r of Soc. Sec., 908 F.3d 152, 157 (6th Cir. 2018). As a result, a plaintiff seeking to invoke federal jurisdiction must "affirmatively and distinctly" plead a basis for jurisdiction. Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1206 (3d ed.).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, [Section]

1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 512 (2006). Federal question jurisdiction is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." Id. Diversity jurisdiction is invoked when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. Though there are other bases for federal jurisdiction, none are relevant here.

"The 'arising under' gateway into federal court in fact has two distinct paths: 1) litigants whose causes of action are created by federal law, and 2) state-law claims that implicate significant federal issues." Estate of Cornell v. Bayview Loan Servicing, LLC, 908 F.3d 1008, 1012 (6th Cir. 2018) (internal citations and quotations omitted). A cause of action is a right to sue for an injury caused by the violation of a statute. Not all federal statutes create a private cause of action. See Keen v. Helson, 930 F.3d 799, 802 (6th Cir. 2019). The Sixth Circuit has held the Occupational Safety and Health Act ("OSHA") does not contain a federal cause of action. Madigan v. Nabisco Brands, Inc., 46 F. App'x 329, 331 (6th Cir. 2002). Because OSHA does not contain a private right of action, Norman's complaint does not involve a cause of action created by federal law. The other claims in Norman's complaint are based on traditional principles of negligence, which is a matter of state law. See Clark v. Nashville

Gen. Hosp. at Meharry, No. CIV. 3:14-1048, 2014 WL 2560505, at *3 (M.D. Tenn. June 6, 2014), report and recommendation adopted, 2014 WL 3722881 (M.D. Tenn. July 25, 2014).

This does not end the inquiry into federal question jurisdiction; Norman's state law claims could still confer federal question jurisdiction if they involve a "substantial question of federal law." Cornell, 908 F.3d at 1014. "Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law." Mikulski v. Centerior Energy Corp., 501 F.3d 555, 565 (6th Cir. 2007). To determine if the vindication of a right under state law turns on a question of federal law, the court must look to the relevant state's law. Texas law governs Norman's negligence claims.[2] Under Texas negligence law, "OSHA regulations do not expand common law duties imposed by state law[.]" New Hampshire Ins. Co. v. Rodriguez, 569 S.W.3d 275, 288 (Tex. App. 2019). Given

---

[2] "A federal court sitting in diversity applies the choice of law provisions of the forum state." Solo v. United Parcel Serv. Co., 819 F.3d 788, 794 (6th Cir. 2016). For tort claims, Tennessee has adopted the Restatement (Second) of Conflict of Laws, which provides that the "law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). The injury in this case occurred in Texas, which is the only forum with an apparent interest in the litigation. As such, Texas law applies here.

this, the validity of Norman's state law negligence claims does not depend on a federal question. Federal question jurisdiction is not satisfied.

This leaves diversity jurisdiction. It does not appear that Norman is alleging that diversity jurisdiction exists here; the complaint identifies "federal violations" as the basis for this court's subject-matter jurisdiction. (ECF No. 6 at 2 ¶ 2.1.) Nonetheless, the undersigned addresses diversity jurisdiction for the sake of completeness. To plead diversity jurisdiction, the complaint must identify the state citizenship of each of the parties to the case. Conway v. Loiseau, No. 19-CV-2677-TLP-tmp, 2019 WL 6337447, at *3 (W.D. Tenn. Oct. 9, 2019), report and recommendation adopted, 2019 WL 6330644 (W.D. Tenn. Nov. 26, 2019). Residence is distinct from state citizenship. Id. Norman has not identified her own state citizenship. Furthermore, a limited liability company "is a citizen of every state of citizenship of its members." Pitt Excavating, LLC v. Pitt, 603 F. App'x 393, 396 (6th Cir. 2015). Likewise, a limited partnership is a citizen of every state where its partners, limited or general, are citizens. Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990). Norman has not identified the state citizenship of each of the members of the two defendant LLCs or of the members of the defendant limited partnership. As such, diversity jurisdiction is not satisfied.

### III.  RECOMMENDATION

For the reasons above, it is recommended that the court *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 2, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**