IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JHMELLA NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02388-TLP-tmp |
| v. ) | |
| ) | |
| OGLE SCHOOL HOLDINGS, LLC, OGLE ) | |
| SCHOOL MANAGEMENT, LLC, and ) | |
| CGC INVESTORS, III LP, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Jhmella Norman sues Defendants for injuries she sustained while having her hair styled at the Ogle School Hair Skin Nails in Dallas, Texas. (ECF No. 6 at PageID 15.) During her styling, the inner cap of the hair dryer "slammed on Plaintiff's head," knocking her to the ground. (*Id.*) Plaintiff was concussed and alleges continuing health problems and loss of her job as the result of her injury. (*Id.*) So, Plaintiff sues Defendant for negligence and violations of the Occupational Safety and Health Act. (*Id.* at PageID 16–17.) Plaintiff therefore seeks $1,000,000 in damages for pain and suffering, future medical expenses, loss of enjoyment of life, and reputational harm. (*Id.* at PageID 18.) Plaintiff also seeks punitive damages for the harm caused. (*Id.*)

The Magistrate Court entered a Report and Recommendation ("R&R") under Administrative Order 2013-05, recommending that this Court dismiss this case sua sponte under

28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF No. 8.)  Plaintiff has not objected to the R&R, and the time to do so has now passed.[1]

## IN FORMA PAUPERIS CASE SCREENING

The Court has to screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant.  If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ."  See 28 U.S.C. § 1915(e)(2).  As mentioned above, the Magistrate Judge conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B).  The R&R here recommends dismissal of the Complaint for failure to state a viable claim for relief.  (ECF No. 8 at PageID 30.)

The Magistrate Court specifically recommended that Plaintiff cannot establish the federal court's subject matter jurisdiction over her claims.  (*Id.* at PageID 27–30.)  First, the Magistrate Court recommends that Plaintiff does not establish federal question jurisdiction because (1) OSHA does not contain a private right of action (*Id.* at PageID 28), and (2) the validity of Plaintiff's negligence claim does not depend on a federal question (*Id.* at PageID 29–30).  The Magistrate Court further recommends that Plaintiff does not establish diversity jurisdiction because Plaintiff failed to identify the state citizenship of the parties to the case.  (*Id.* at PageID 30.)

## ADOPTING THE R&R

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Neither party objected

---

[1] Objections to the R&R were due 14 days after entry of the R&R—June 16, 2020.

to the R&R here, and the time for filing objections has expired.  See Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).  When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 21st day of July, 2020.

                                                 s/Thomas L. Parker
                                                 THOMAS L. PARKER
                                                 UNITED STATES DISTRICT JUDGE